**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Newport News Division**

UNITED STATES OF AMERICA

v.                                                          NO.  4:97cr47

TERRY EUGENE WALKER,

        Defendant.

### ORDER

In accordance with the Bail Reform Act, 18 U.S.C. § 3143, and Rules 32.1 and 46(d) of the Federal Rules of Criminal Procedure, the Court held a preliminary and detention hearing on November 16, 2005.  For the reasons set forth below, the Court FINDS that there is probable cause to believe that Defendant violated terms and conditions of his supervision and that his detention is warranted.

Defendant was convicted on February 25, 1998, of driving after being declared an habitual offender, second offense, in violation of 18 U.S.C. 7 and 13, a Class D Felony.  Defendant was ordered to serve 18 months in prison, a three-year term of supervised release, and to pay a $100.00 special assessment.  The Court also imposed general and special conditions on Defendant's supervision.  On September 10, 2001, Defendant was returned to Court for a supervised release violation hearing, at which time he stipulated to the violations contained in the petition and the addendums to the petition.  The Court found that the Defendant violated the terms of his supervised release but withheld disposition and

continued disposition until the pending state charges were resolved. On October 1, 2002, the Court revoked Defendant's supervised release and reimposed supervised release for a term of two (2) years.

On August 26, 2003, United States Probation Officer Douglas W. Weeks, Jr. filed a Petition on Supervised Release, alleging that Defendant violated the terms and conditions of his supervised release. Specifically, the Petition alleged that Defendant violated the conditions of his release by being charged with the commission of a crime (assault and battery of a family member); by failing to satisfactorily participate in a substance abuse treatment program, by failing to submit monthly supervision reports as directed, by failing to follow the instructions of the probation officer, and by failing to notify the probation officer within 72 hours of a change in his residence.

A warrant was issued for Defendant's arrest on August 26, 2003. Defendant was arrested and appeared in the United States District Court for the Western District of Virginia (Harrisonburg) on November 3, 2005. That Court ordered Defendant to be temporarily detained and he was transferred to the Eastern District of Virginia, Newport News Division where he appeared for an initial appearance on November 14, 2005.

On November 16, 2005, a preliminary and detention hearing was held, at which Defendant, with his counsel present, stipulated the existence of probable cause to believe that he committed the

alleged violations of supervised release. See Fed. R. Crim. P. 32.1(b)(1)(A). Accordingly, the Court FINDS the existence of probable cause to believe that Defendant committed the alleged violations of supervised release.

After probable cause was established, Defendant was required to prove by clear and convincing evidence that he did not pose a danger to the community or a risk of flight. See 18 U.S.C. § 3143; Fed. R. Crim. P. 32.1(a)(6), 46(d). The Government and counsel for Defendant proceeded by proffer.

The Court concludes that Defendant has not met his burden to prove by clear and convincing evidence that he does not pose a danger to the community or a risk of flight. In so concluding, the Court notes that Defendant apparently absconded while on supervision over two years ago. He was subsequently arrested and incarcerated on state charges until his release from state custody on or about November 3, 2005. Defendant was then taken into federal custody. Consequently, Defendant has not submitted to federal supervision since June 12, 2003. He has no assets, no liabilities, and is unemployed. He has an extensive history of serious criminal convictions.

On the basis of this evidence, the Court FINDS that Defendant has failed to demonstrate by clear and convincing evidence that he will not pose a danger to the community or that he will not flee. The Court also FINDS that there are no conditions that would reasonably assure the safety of the community or Defendant's return

3

for further proceedings.  Therefore, the Court ORDERS that Defendant be DETAINED.  The Court further ORDERS Defendant committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility.

The Clerk shall mail or deliver a copy of this order to (i) the United States Attorney at Norfolk, (ii) the United States Marshal at Norfolk, (iii) the United States Pretrial Services Office at Norfolk, and (iv) counsel of record for Defendant. ENTERED this 28th day of November, 2005.

                                                                         /s/
                                               F. Bradford Stillman
                                             United States Magistrate Judge